FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2012 NOV 9 PM 2 25

STEPHAN HARRIS, CLERK
CASPER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| MISTY LEA STRICKER-CAMPOS, | |
| Plaintiff, | |
| vs. | Case No. 12-CV-251-SWS |
| LARAMIE COUNTY DISTRICT COURT, | |
| Defendant. | |

## ORDER DISMISSING HABEAS PETITION WITHOUT PREJUDICE

The above-entitled matter is before the Court upon a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Misty Lee Stricker-Campos. (Doc 1). Ms. Stricker-Campos alleges that she was prejudiced by the decisions of the Wyoming Department of Family Services and the Laramie County District Court. She petitions this Court for a review of her case of alleged neglect and cessation of her parental rights, duties and obligation and requests the emergency return of her biological minor child. For the reasons set forth below, this Court lacks jurisdiction to address Ms. Stricker-Campos' claims and her petition must be DENIED.

First, it is well-established that this Court cannot grant habeas corpus relief to an inmate pursuant to 28 U.S.C. § 2241 unless:

(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or

(5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241. In the instant petition, Ms. Stricker-Campos has indicated that she is not confined. Therefore, none of the subsections required for filing a petition pursuant to 28 U.S.C. § 2241 apply to Ms. Stricker-Campos and her § 2241 petition is not appropriately before this Court.

Moreover, after a review of the petition, the Court finds that Ms. Stricker-Campos has failed to exhaust the remedies available to her in state court. Exhaustion of available state remedies is a prerequisite to habeas relief under 28 U.S.C. §§ 2241 and 2254. *See Garza v. Davis,* 596 F.3d 1198, 1204 (10th Cir. 2010)(requiring exhaustion before a § 2241 petition may be brought); 28 U.S.C. § 2254(b)(1). This Court has no jurisdiction to address her claims.

Finally, a federal court may not intervene in ongoing state judicial proceedings, absent unusual circumstances. *Younger v. Harris,* 401 U.S. 37 (1971). A federal court must abstain under *Younger* when:

> (1) there is an ongoing state criminal, civil, or administrative proceeding,
>
> (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and
>
> (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Amanatullah v. Colo. Bd. of Med. Exam'rs* 187 F.3d 1160, 1163 (10th Cir. 1999). This Court finds that the requirements of *Younger* are met in the instant case. Ms. Stricker-Campos' petition indicates that the Department of Family Services has ongoing involvement in Ms. Stricker-Campos' case. Her petition indicates that a hearing regarding permanent placement will be held on November 15, 2012 at 1:30 pm in the Wyoming State District Court for the First Judicial District, Laramie County, Wyoming. The pending proceedings unquestionably involve important state interests. *See Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996) (noting that "child custody proceedings are an especially delicate subject of state policy"); *id.*(*quoting Moore v. Sims*, 442 U.S. 415, 435 (1979) (noting that "[f]amily relations are a traditional area of state concern"). Therefore, this Court has no jurisdiction to address Ms. Stricker-Campos' claims and her claims must be denied.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is DISMISSED WITHOUT PREJUDICE. It is

FURTHER ORDERED that all remaining motions pending before the Court are DENIED AS MOOT.

Dated this 9th day of November, 2012.

*/s/ Scott W. Skavdahl*
Scott W. Skavdahl
United States District Judge